Judgment rendered April 10, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,582-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                           Appellee

versus

ANTONIO C. EALY                              Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 366,025

Honorable Ramona L. Emanuel, Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By: G. Paul Marx

JAMES E. STEWART, SR.                   Counsel for Appellee
District Attorney

SUZANNA MORELOCK ELLIS
SENAE DENEAL HALL
Assistant District Attorneys

* * * * *

Before PITMAN, STEPHENS, and ROBINSON, JJ.

**ROBINSON, J.**

Antonio Ealy was convicted as charged of first degree robbery by a unanimous jury. He was sentenced to ten years at hard labor without benefit of probation, parole, or suspension of sentence. Ealy's appellate counsel has filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So. 2d 241; and *State v. Benjamin*, 573 So. 2d 528 (La. App. 4 Cir. 1990). Appellate counsel has also filed a motion to withdraw as counsel of record.

For the following reasons, we grant the motion to withdraw and affirm Ealy's conviction and sentence.

## FACTS

Near midnight on March 29, 2019, a black male with his face covered entered the Sonic restaurant located on Line Avenue in Shreveport, Louisiana. At the time, the Sonic's manager, Kala Smith, was training another employee, Kimberly Tulley, about the procedures for closing the restaurant and preparing the restaurant's proceeds for deposit. The restaurant's surveillance cameras captured the male going to the area where they were working and pointing a gun at them. As the two women fled the restaurant, the male grabbed a deposit bag before also leaving the restaurant.

Ealy, who had been an employee at the restaurant until two weeks earlier, was recognized on the surveillance video by the Sonic's owner. Detective Melvin Smith, with the Shreveport Police Department's tactical robbery unit, began investigating Ealy, who eventually confessed his crime to the detective.

On September 16, 2019, Ealy was charged by bill of information in Caddo Parish with first degree robbery in violation of La. R.S. 14:64.1. The

bill was subsequently amended twice to add details such as changing the names of the victims.

A jury trial began in June of 2021. Kala Smith testified that when the gunman entered the Sonic, she grabbed Tully and they ran out of the restaurant. Smith, who had worked with Ealy for six to seven months, was not entirely positive of the gunman's identity in the immediate aftermath of the robbery. However, when she later watched the surveillance video, she recognized Ealy as the gunman based on the way he moved and his clothing. She explained that the gunman was wearing the same pants that Ealy wore to work. The video, which was played for the jury, showed Ealy grabbing the deposit bag which the employees had started filling with the money from the night shift. Smith had no doubt that it was Ealy who committed the crime. Smith also testified that Ealy had attempted to contact her before trial.

Kimberly Tulley described how when Smith pulled on her arm, she turned to see someone standing there with a gun. Tully, who had worked with Ealy at the Sonic, recognized the gunman's eyes and clothing. Tulley testified that Ealy had distinctive eyes, and that some of the employees referred to Ealy as "pretty eyes." The gunman was also wearing the black pants that Ealy wore to work, and the bandana covering the gunman's face was the same one that Ealy wore in his back pocket to work.

Tulley was reluctant to tell police at first about her suspicions of the gunman's identity on the chance that she was wrong. Before Tulley had a chance to view the video, the store owner told her that it was Ealy on the video. However, Tulley's suspicions were confirmed when she watched the video the next day. She also recognized the way that the gunman walked.

Tulley had no doubt that it was Ealy who pointed the gun at her and stole the money, which amounted to less than $700.

Tulley also testified that Ealy contacted her by Facebook Messenger following the robbery. Ealy admitted to the robbery, said there was no clip in his gun, and asked her not to go to court.

Felicia Kelly is the owner and operator of the Sonic restaurant. She is familiar with Ealy because she trained him as a cook. Ealy worked for four to six months, and then later for a few days. Kelly explained she recognized the gunman's clothing because the black long-sleeve turtleneck shirt and black jeans worn by him were what Ealy would sometimes wear to work instead of the required Sonic uniform. She noticed that the way that the gunman walked as shown on the video was similar to Ealy's gait because Ealy had a "little dip" in his walk. Kelly also recognized the gunman's eyes and forehead as belonging to Ealy. Kelly had no doubt that it was Ealy shown on the video robbing her restaurant.

Kelly testified that $654.19 was stolen, and that Ealy later returned $750. She also testified that Ealy called her, and at first denied robbing the store. However, he admitted to doing it, apologized, and said he was on drugs. He also asked her not to come to court.

Detective Smith testified that he separately spoke with Kala Smith and Tulley in the early morning hours after the robbery. Both told him that an unknown black male entered the store armed with a handgun. When Kelly showed the video footage to him, she remarked that she believed she knew the individual who robbed the store. She told him that the gunman looked similar to Ealy based on his body language and what he was wearing. Detective Smith interviewed Ealy without success on April 4. The next day,

3

Ealy's stepfather called Detective Smith to say that he had information about the robbery. When Ealy was interviewed on April 5, he told Detective Smith that he had lost his rent money at the casino the day of the robbery. Later, as he drove past the Sonic, he thought to himself that he could rob it to make money as he was familiar with the Sonic's closing procedure. Ealy, who claimed to the detective that he was armed with a BB gun that he discarded following the robbery, said he took between $650 and $700 from the restaurant.

On June 23, 2021, Antonio Ealy was convicted by the jury as charged of first degree robbery. A motion for post-verdict judgment of acquittal was filed on October 6, 2021. Ealy's counsel argued that the evidence was insufficient to establish that he committed the first degree robbery. The motion was denied.

A sentencing hearing was held on April 12, 2022. The court stated it had considered letters and emails on Ealy's behalf, a doctor's note from when Ealy was younger concerning attention deficit disorder, and his criminal history. The court also considered the La. C. Cr. P. art. 894.1 guidelines and concluded that Ealy was in need of correctional treatment and that a lesser sentence would deprecate the seriousness of the crime. Ealy was sentenced to ten years at hard labor without benefit of probation, parole, or suspension of sentence.

Ealy's trial counsel never filed a motion to appeal either his conviction or his sentence. On March 2, 2023, Ealy filed an application for post-conviction relief. He sought an out-of-time appeal, which was granted on April 5, 2023. Appellate counsel was assigned to Ealy.

4

Appellate counsel has filed an *Anders* brief and a motion to withdraw. By order dated November 29, 2023, this court held the motion in abeyance. The order noted that Ealy had been notified of the *pro se* briefing deadline of November 27. Ealy has not filed a *pro se* brief.

**DISCUSSION**

Our review of this record reveals no nonfrivolous errors regarding Ealy's conviction or sentence. The evidence supporting the conviction is overwhelming. The sentence imposed is at the lower end of the sentencing range. We discern no error patent on our review.

We note that on the second day of jury selection, during the challenges for cause, defense counsel complained that because many black jurors had indicated that they did not want to be involved in Ealy's trial, they would end up with no black jurors, which would be a violation of *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986), or at the very least a violation of the spirit of *Batson*. Defense counsel later argued that it was unfair that most of the black panel members did not want to be on the jury. The court ultimately denied the state's challenges for cause for three jurors. The state withdrew its challenge for cause for a fourth juror.

After the state used peremptory strikes against four black jurors, defense counsel made a *Batson* challenge arguing that the four strikes were based on race. The trial court found there was no *prima facie* showing by the defense and denied the *Batson* challenge.

Defense counsel then argued that a disproportionate number of potential jurors were white. The court noted that only two of thirteen tentative jurors were black. The court found that the defense had made a *prima facie* case in accord with *Miller-El v. Dretke*, 545 U.S. 231, 125 S. Ct.

5

2317, 162 L. Ed. 2d 196 (2005). However, the court ultimately denied the *Batson* challenge as it found that the state had asserted race-neutral reasons for the peremptory strikes.

## CONCLUSION

We agree with appellate counsel that there are no nonfrivolous issues concerning Ealy's conviction and sentence. For the foregoing reasons, we affirm his conviction and sentence, and grant the motion to withdraw as counsel of record.

**CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW AS COUNSEL OF RECORD GRANTED**.